## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| DANIEL DEGNAN,<br><br>      Plaintiff,<br><br>v.<br><br>COMMONWEALTH FINANCIAL<br>SYSTEMS INC.<br><br>      Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.   Plaintiff, Daniel Degnan, is a natural person who resides in the city of Venetia, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Commonwealth Financial Systems Inc., is a collection agency from Scranton, Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Degnan incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.    Degnan's debt was consigned, placed or otherwise transferred to Commonwealth for collection from Degnan, when thereafter Degnan started receiving collection communications from Commonwealth in an attempt to collect this debt.

## FACTUAL ALLEGATIONS

8.    By letter dated November 30, 2009, Lynch threatened Degnan:

I urge you to spare yourself additional legal fees. Contact me today to make arrangements to satisfy the Judgment. I will work with you as much as possible to resolve this matter in as painless a fashion as possible for the both of us.

A copy of the letter is attached as Exhibit "A".

9.    In January 2010, Degnan spoke to a gentleman identifying himself as Joe Lynch. The Defendant employs Lynch as a debt collector. Lynch agreed to lower Degnan's balance on the debt and stop interest from accruing in exchange for monthly payments of $40.

10.    Degnan made three payments when he realized the balance wasn't getting smaller and the interest did not stop accruing.

11.    On May 6, 2010, Degnan contacted Commonwealth and asked to speak Lynch. Instead he was transferred to a gentleman identifying himself as Mr. Mark Anthony. Loud and aggressive, Anthony told Degnan, "I canned Mr. Lynch's ass because he was being too nice to deadbeats like you!"

12.    Anthony told Degnan his monthly payments were not enough and he would no longer honor Lynch's agreement.

13.    Anthony demanded payment in full or he was "coming after" Degnan.

14.    Degnan tried explaining he could not afford to make payment in full.

15.    Anthony told Degnan to get a job.

16.    Anthony called Degnan a "deadbeat."

17.   Anthony threatened Degnan "[Y]ou have no choice but to pay me."

18.   "I want my damn money", Anthony screamed into the phone multiple times.

19.   Degnan told Anthony he was under the impression that a debt collector cannot make a person pay using the money that person is using for living expenses.

20.   Anthony laughed and transferred Degnan to a "legal expert."

21.   The legal expert advised Degnan he was wrong.

22.   The legal expert threatened Degnan saying, he could take the clothes off Degnan's back. All the legal expert had to do was call the Sheriff.

23.   Degnan explained he was a young schoolteacher searching for full-time employment but was only working as a substitute schoolteacher.

24.   The legal expert responded, "You need to work more".

25.   The legal expert called Degnan a "deadbeat".

26.   The legal expert said, "You will never get a full time teaching job because you have bad credit. My aunt is a superintendent and I know that they pull credit reports."

27.   Reading through Degnan's credit report, the legal expert mocked the amount of student loans referring to them as, "more than [Degnan] will ever make in [his] lifetime."

28.   The legal expert questioned why Degnan had an open credit card with Capital One.

29.   Degnan said he had it to help repair his credit.

30.   The legal expert called Degnan stupid for believing anything could help his credit.

31.   He told Degnan to "go back to school and take finance classed because you obviously have no idea how credit works." Then he said, "[O]h I forgot, you cannot afford to go back to school."

32.    At the end of this phone conversation the legal expert threatened to take Degnan to court and/or send the sheriff to Degnan's home to take his possessions.

33.    He said that the judge would order Degnan to pay or he would be held in contempt and thrown into jail.

34.    The legal expert threatened Degnan, [O] ne way or the other, I am getting my money."

35.    At this point, Mr. Degnan was so upset he ended the call.

36.    The above letter and calls between Commonwealth and Degnan are collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

(a)    Contacting Degnan with the intent to harass, oppress or abuse in violation of 15 U.S.C. §1692d, 1692d(2);

(b)    Commonwealth's communications were false, deceptive, and misleading in violation of 15 U.S.C. §1692e, 1692e(4), 1692e(5), 1692e(7), 1692e(10); and

(c)    Commonwealth's conduct was unfair or unconscionable in violation of 15 U.S.C. §1692f;

37.    Degnan suffered actual damages as a result of Commonwealth's illegal collection communications in the form of anger, anxiety, emotional distress, fear, frustration, upset, as well as suffering from unjustified and abusive invasions of personal privacy.

CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

38.     Degnan incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The foregoing intentional and negligent acts and omissions of Commonwealth constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40.     As a result of Commonwealth's violations of the FDCPA, Degnan is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Commonwealth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for:

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)

Date:  October 28, 2010                           Respectfully submitted,

                                                  **JEFFREY L. SUHER, P.C.**

                                                  By:  **s/Jeffrey L. Suher**
                                                  Jeffrey L. Suher, Esq.
                                                  Attorney I.D.#74924
                                                  4328 Old William Penn Highway, Suite 2J
                                                  Monroeville, PA 15146
                                                  Telephone: (412) 374-9005

Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

**Attorney for Plaintiffs**